1 | Kathy A. Le (SBN 279690)
  | kathy.le@jacksonlewis.com
2 | JACKSON LEWIS P.C.
  | 200 Spectrum Center Drive, Suite 500
3 | Irvine, CA 92618
  | Tel: (949) 885-1360
4 | Fax: (949) 885-1380

5 | Attorneys for Defendant
  | MAKE-UP ART COSMETICS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| MEESA BRADLEY, an Individual, | CASE NO.: |
|---|---|
| Plaintiff, | **DEFENDANT MAKE-UP ART COSMETICS INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446** |
| vs. | |
| MAKE-UP ART COSMETICS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive, | (DIVERSITY JURISDICTION) |
| Defendants | [Filed concurrently with the Civil Cover Sheet; Declaration of Kathy A. Le; Declaration of Scott Mayhugh; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases] |
| | Action Filed: July 24, 2020 |
| | Date Removed: December 28, 2020 |

TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that MAKE-UP ART COSMETICS INC. ("M.A.C." or "Defendant"), a defendant in the above-titled action, hereby removes this matter to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

### SERVICE AND PLEADINGS FILED IN STATE COURT

1. On July 24, 2020, Plaintiff MEESA BRADLEY ("Plaintiff") filed a civil complaint ("Complaint") against M.A.C. in the Superior Court of the State of California for the County of Los Angeles entitled, *MEESA BRADLEY v. MAKE-UP ART COSMETICS, INC.*, Case No. 20STCV27919, alleging seven causes of action for: (1) Discrimination in violation of Gov't Code §§ 12940 et seq.; (2) Harassment in violation of Gov't Code §§ 12940 et seq.; (3) Retaliation in violation of Gov't Code §§ 12940 et seq.; (4) Failure to prevent discrimination, harassment and retaliation in violation of Gov't Code § 12940(k); (5) Wrongful termination in violation of public policy; (6) Intentional infliction of emotional distress; and (7) Negligent hiring and supervision. The Complaint does not specify the dollar amount of damages being sought. A true and complete copy of the Summons, Complaint, and Civil Case Cover Sheet and related case documents filed in the Los Angeles County Superior Court and served on Defendant are attached as **Exhibit A** to the Declaration of Kathy A. Le ("Le Decl.") filed concurrently with this Notice of Removal.

2. Plaintiff served Defendant pursuant to California Code of Civil Procedure ("CCP") § 416.10, by personally delivering the Summons and Complaint on November 25, 2020, to Defendant's agent for service of process. (Le Decl., ¶ 3.) **Exhibits A** through **G** constitute all the pleadings or Court Orders that have been filed and/or served in this action as of the date of filing this Notice of Removal. (*Id*. at ¶ 10.)

### TIMELINESS OF REMOVAL

3. Defendant's removal is timely because it has been filed within thirty (30)

days after Defendant first ascertained that the case was removable, which was on or about November 25, 2020. (Le Decl., ¶ 3; *See* 28 U.S.C. § 1446(b)(3); C.C.P. § 412.20(a)(3).) Thus, Defendant's removal is therefore filed within the time period mandated by 28 U.S.C. § 1446(b)(3).

## NOTICE TO ALL PARTIES AND STATE COURT

4. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be served promptly on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## DIVERSITY JURISDICTION

5. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. (*Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).)

6. Defendant is informed and believes, as alleged by Plaintiff in the Complaint, that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (*See*, Le Decl., Exh. A, Complaint at ¶ 2.)

7. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. (28 U.S.C. § 1332(c).) With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." (*Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010).) Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. (*Id*.) A corporation can only have one "nerve center." (*Id*. at 93-94.) In evaluating where a corporation's "nerve center" is located, Courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. (*Id*.)

8. Defendant is incorporated under the laws of the State of Delaware, with its principal place of business and headquarters located at One Soho Square, 161 Sixth Avenue, New York, New York 10013. The State of New York is where Defendant's main office and management functions are concentrated and from where Defendant's high-level officers direct, control, and coordinate Defendant's activities. (Declaration of Scott Mayhugh ("Mayhugh Decl."), ¶ 3, filed concurrently with this Notice of Removal.)

9. The only other defendants named in Plaintiff's Complaint merely are fictitious parties identified as "DOES 1 through 20," whose citizenship must be disregarded for the purpose of removal. (28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").) Thus, there are no other defendants to join in the removal of this action to this Court and complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

10. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff exceeds the sum of $75,000, exclusive of interest and costs, for the reasons discussed below. (28 U.S.C. § 1332(a).)

11. The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. (*See* 28 U.S.C. § 1446(c)(2)(a) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid

removal simply by declining….to place a specific dollar value upon its claim.").) A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).) Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. (*See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").)

12. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability,"), citing also *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated.").) The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843, n.1 (9th Cir. 2002).)

13. Moreover, the amount in controversy may also include general and special compensatory damages and attorneys' fees which are recoverable by statute. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).) The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. (*See e.g.*, *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual

employment discrimination cases often exceed damages).)

14. Punitive damages are also included in calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).) In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages 'might alone' exceed the jurisdictional minimum." (*Aucina*, 871 F.Supp. at 334.)

15. Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the $75,000 jurisdictional requirement, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought, for the following reasons:

    a. Defendant employed Plaintiff as a make-up artist. Plaintiff initially began her employment with M.A.C. on May 16, 2001. (Mayhugh Decl., ¶ 4.) Plaintiff alleges that Defendant wrongfully terminated her employment, and, among other damages, is claiming loss of earnings.

    b. At the time of her termination, Plaintiff was a full-time employee earning an hourly rate of $19.25. (*Id*.) Plaintiff alleges she worked a fixed schedule of five days per week, approximately eight to 10 hours per day. (*See*, Le Decl., Exh. A, Complaint at ¶ 13.) Using this information, excluding any mitigation, currently, Plaintiff's loss of earnings are roughly $53,387 ($19.25 x 2080 hours / 12 x 16 months), at a minimum.

    c. Plaintiff's Prayer for Relief seeks (among other things): compensatory damages (including lost wages, earnings,

|   |   |
|---|---|
| 1 | commissions, retirement benefits, and other employee benefits, and |
| 2 | all other sums of money, together with interest on these amounts); |
| 3 | other special damages; and general damages for mental pain and |
| 4 | anguish and emotional distress and loss of earning capacity. (*See*, Le |
| 5 | Decl., Exh. A, Complaint, Prayer for Relief.) |

    d. Plaintiff is also seeking punitive damages and attorneys' fees. (*Id.* at Prayer for Relief; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674-676 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" including loss of pay, fringe benefits, impaired earning capacity, and emotional distress combined with a claim for attorney fees); *see also Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that "while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages [related to the plaintiff's discrimination claim], the jurisdictional minimum is clearly satisfied.").) If Plaintiff prevails on any of her claims that provide for attorneys' fees, her attorneys' fees alone would exceed $75,000. Plaintiff's attorneys, Joseph S. Farzam and Stephen J. Duron, were admitted to practice in California in 2000 and 2009, respectively. (*See*, California State Bar website for Mr. Farzam's information at http://members.calbar.ca.gov/fal/Licensee/Detail/210817. *See*, California State Bar website for Mr. Duron's information at http://members.calbar.ca.gov/fal/Licensee/Detail/263485.) Defendant's attorney, Kathy Le, has represented employers in employment litigation for 9 years in California, and is familiar with fees requested by plaintiffs' counsel in similar actions filed in

California state and federal courts alleging discrimination, harassment, retaliation, wrongful termination and related claims. (Le Decl., ¶ 11.) Based on Mr. Farzam and Mr. Duron's experience and Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff's attorneys' fees will exceed the sum of $300,000 through trial. (*Id.*)

16. Accordingly, taking all of the above together, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. (*Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).)

17. Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. § 1332(a).

## **VENUE IS PROPER**

18. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because Plaintiff's state court action was filed in this district and Plaintiff alleges that this is the judicial district in which the action arose.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles to this Court.

DATED: December 28, 2020          JACKSON LEWIS P.C.

By: */s/ Kathy A. Le*
Kathy A. Le

Attorneys for Defendant
MAKE-UP ART COSMETICS INC.

CASE NO.                                8                         NOTICE OF REMOVAL